UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON O. WOODS, SR.,<br><br>                              Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>                              Defendants. | Case No.: 3:24-cv-02437-CAB-DDL<br><br>**ORDER DISMISSING COMPLAINT**<br><br>[ECF Nos. 1–2] |

On Dec. 23, 2024, Plaintiff Byron O. Woods, Sr., filed a complaint against the United States and Renaye Murphy, Executive Director of the San Diego Regional Office of the Department of Veterans Affairs. [ECF No. 1.] Plaintiff did not prepay the civil filing fees required by 28 U.S.C. § 1914(a) at the time of filing; instead, he filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). [ECF No. 2.] For the reasons outlined below, Plaintiffs' complaint is dismissed with leave to amend. The IFP motion is denied as moot.

**I.    Motion to Proceed IFP**

Generally, all parties instituting a civil action in this court must pay a filing fee. *See* 28 U.S.C. § 1914(a); CivLR 4.5(a). However, under 28 U.S.C. § 1915(a), the court may authorize the commencement, prosecution, or defense of any suit without payment of fees if the plaintiff submits an affidavit, including a statement of all his or her assets, showing

that he or she is unable to pay filing fees or costs. "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal quotation marks omitted). The granting or denial of leave to proceed IFP in civil cases is within the sound discretion of the district court. *Venerable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) (citations omitted).

In support of his application, Plaintiff lists several assets, including his savings account, a home, and two vehicles. [ECF No. 2 at 1–2.] He reports receiving $2,241.91 a month from the VA. [*Id.*] Plaintiff mentions that the last time he filed a tax return was in 2008. [*Id.*] He lists average monthly expenses totaling $4,401.16. [*Id.*] He provides significant detail to support this amount. [*Id.*] Plaintiff's expenses are greater than his source of income, which appears to be solely his VA benefits (the focus of his dispute). [*Id.*] Based on the "particularity, definiteness and certainty" in the information provided, the Court is persuaded that Plaintiff lacks the funds to pay the filing fee and "still afford the necessities of life." *Escobedo*, 787 F.3d at 1234.

**II.     Screening of the Complaint Pursuant to 42 U.S.C. § 1915(e)(2)(B)**

The Court must additionally analyze a complaint's sufficiency under 28 U.S.C § 1915. A plaintiff seeking to proceed IFP pursuant to 28 U.S.C. § 1915(a) is subject to sua sponte dismissal if the complaint is "frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). Congress enacted this safeguard because "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

The Court construes Plaintiff's complaint liberally. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Plaintiff appears to be making a due process claim related to the reduction of his VA benefits. [*See* Compl. at 3.] Of course, courts have recognized a constitutionally protected liberty interest in veteran's disability benefits. *See Guillory v. Shinseki*, 603 F.3d 981, 987 (Fed. Cir. 2010).

But this Court lacks jurisdiction over this case. "A district court does not have jurisdiction over claims that would require it to review a question of fact or law relating to or affecting veterans' benefits decisions." *Recinto v. U.S. Dep't of Veterans Affs.*, 706 F.3d 1171, 1175 (9th Cir. 2013). In other words: "[i]f reviewing" Plaintiff's "claim would require review of the circumstances of individual benefits requests, jurisdiction is lacking." *Recinto*, 706 F.3d at 1175.

Plaintiff's complaint requires exactly that: Plaintiff asks this Court to review, and overturn, a decision affecting his individual benefits. [*See* Compl. at 8.] He seeks an order restoring his disability rating based on alleged errant factual determinations related to that rating. [*Id.*]

"To adjudicate veterans' claims, the VA uses a two-step process, beginning with a regional office that processes claims and makes an initial decision." *Recinto*, 706 F.3d at 1174 (citing *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428 (2011)). "If a veteran is not satisfied with the decision made by the regional office, he or she may appeal it to the VA's Board of Veterans' Appeals, which makes the agency's final decision." *Id.*; *see also* 38 U.S.C. §§ 7101, 7104(a). "From there, benefits determinations may be appealed in the manner established by the Veterans' Judicial Review Act of 1988 ("the VJRA")[.]" *Id.* "The VJRA established an Article I court called the United States Court of Appeals for Veterans Claims, which has exclusive jurisdiction to review decisions of the Board of Veterans' Appeals." *Id.*; s*ee* 38 U.S.C. §§ 7251, 7252(a), 7261. "On further appeal, decisions from the Court of Appeals for Veterans Claims are reviewed by the Federal Circuit." *Id.*; *see* 38 U.S.C. § 7292(c)-(d).

      The Court is sympathetic to Plaintiff's claimed harms. But Congress, and the Ninth Circuit, has made clear that this Court is "expressly disqualified from hearing cases related to VA benefits" pursuant to 38 U.S.C. § 511. *See Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1023 (9th Cir. 2012). Should Plaintiff amend his complaint to state a constitutional claim that does not look at the specifics of any individual veteran's case, the Court may have jurisdiction over it. *See Recinto*, 706 F.3d at 1175. Until then, the Court dismisses this complaint for want of subject matter jurisdiction.

### III.   Conclusion

      The Court dismisses Plaintiff's complaint under Fed. R. Civ. P. 12(b)(1). Plaintiff's application to proceed IFP [ECF No. 2] is denied as moot. Plaintiff shall have until Jan. 31, 2025 to amend his complaint. Should this Court have jurisdiction over any amended complaint, Plaintiff may renew his motion to proceed IFP. Plaintiff is reminded that federal courts are required to examine jurisdiction sua sponte (meaning, on their own initiative). *See Bernhardt v. Cnty. of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002).

Dated: January 14, 2025

                                                                Hon. Cathy Ann Bencivengo
                                                                United States District Judge